This civilian pay case is before the court on defendant’s motion for summary judgment. Plaintiff, appearing pro se, alleges arbitrary and capricious action on the part of the Merit Systems Protection Board (MSPB) in sustaining a reduction in force (RIF) which abolished his position and forced him to accept a position at a lower grade. He further alleges that the MSPB erred in refusing to consider certain management misconduct within the department which he argues is bound up with the agency’s decision to institute the RIF. Defendant argues that the reduction in force was a discretionary action which was not arbitrary or capricious and which is, therefore, valid.
For the reasons set forth below, we conclude that the government’s motion must prevail.
Plaintiff Sere has been employed within the Defense Communciations Agency (DCA) since November, 1965, and earned promotions from GS-7 to GS-13. During June of 1972, however, plaintiff alleges, his outspoken criticism of prohibited management practices resulted in a systematic attempt by managment to destroy his career. Specifically, plaintiff charges that management "surreptitiously” assigned surplus status to his position, concealing the action from him for more than two years; that his supervisors refused to give him priority reassignment to non-surplus positions; that the management fabricated unfavorable evidence against him in an attempt to remove him from his position and practiced job blacklisting; and that the management was guilty of a number of specific instances of misconduct directed toward other employees. All of these allegations were found meritless in an investigation and hearing held by an independent Air Force hearing examiner, pursuant to a formal grievance filed by plaintiff on February 3, 1975. This examiner found that management’s actions on the discretionary matters involved were justified by evidence adduced at the hearing and that plaintiff had failed to prove that malice or any other alleged impropriety *884 had influenced the decision-making process. Plaintiffs appeal from these findings was denied.[1]
In 1979, after undergoing a number of personnel changes, the DCA management instituted a reduction in force, which abolished plaintiffs GS-13 position as an Employee Development Specialist, along with the positions of five other employees. Plaintiff was notified of the RIF on October 12, 1975 (to become effective December 2), and was later offered his current position as Management Analyst at GS-11, which he accepted in lieu of separation from the agency. He immediately filed an appeal to the MSPB on October 15, 1979, alleging that the RIF was a personal reprisal against him resulting from a "hand-me-down tradition” of management malice. In addition, he claims that even if the RIF was justified, the agency acted arbitrarily in passing him over for the GS-13 position of Chief of the DCA Headquarters Personnel Office to. which he asserts he is entitled by the RIF action. Finally, he alleges that management has behaved improperly in a continuation of the conduct that prompted his earlier grievance action, which he charges is intimately related to the agency’s decision to abolish his position through the reduction in force. The MSPB sustained the agency’s RIF action in a decision of January 24, 1980. Plaintiffs petition for a review of the MSPB decision was denied, Sere v. Department of Defense, M.S.P.B. No. DCO 35109037 (October 20, 1980), and plaintiff timely filed the current action in this court on January 29, 1981. He seeks reversal of the MSPB final order confirming the RIF, restoration of his GS-13 status, back pay and "anticipated loss of wages over the next 20 years”.
This court agrees with defendant that the course of conduct taken by the agency and the decision made by the MSPB do not constitute arbitrary and capricious conduct. In our review of administrative action, the good faith of those taking administrative action is presumed. Boyle v. United States, 207 Ct.Cl. 27, 515 F.2d 1397 (1975). The administrative decisions made by those with special expertise are not only presumed to be correct, but will be *885 judicially overturned only when plaintiff shows beyond doubt that the agency officials have abused or exceeded their discretion, or where the result is unsupported by substantial evidence in the record, or is contrary to law or regulation. Wilmot v. United States, 205 Ct.Cl. 666 (1974), citing, inter alia, Grover v. United States, 200 Ct.Cl. 337 (1973); Morelli v. United States, 177 Ct.Cl. 848 (1966).
In the case before the court, plaintiff has adduced no evidence to indicate that the MSPB acted arbitrarily or in disregard of plaintiffs rights. The Board considered evidence on the motivation for DCA’s reduction in force action and ruled that that action, which affected a number of positions other than plaintiffs, was undertaken as part of a comprehensive management plan for the agency. We concur.
Next, the Board turned to plaintiffs claim that he had been wrongfully passed over for the job of Personnel Management Specialist. Comparing the qualifications required for the position with the experience and qualifications of plaintiff, the Board found that the agency had correctly determined that plaintiff was not qualified to assume the position. Plaintiff has offered no convincing evidence to this court that the Board’s evaluation was in error.
Finally, the MSPB found that plaintiffs other claims of general management misconduct were not within the jurisdiction of the Board, but instead were proper subjects for a grievance complaint. Indeed, the MSPB noted that most of the claims had been resolved earlier in plaintiffs 1975 hearing. Plaintiff argues that these instances of misconduct are intimately bound up with the later RIF action and thus are properly within the Board’s appellate jurisdiction. We remain unconvinced. Plaintiff has offered us no evidence that these prior activities are related to the RIF action, particularly in light of the personnel change within the agency’s management. He simply asserts that the activities constitute a "reasonably-inferrable” "hand-me-down tradition” of reprisal resulting in the elimination of his position. Such an inference cannot overturn the contrary findings of both the Board and the 1975 hearing examiner.
*886 All other arguments raised by the parties, though not directly addressed by this order, have been examined and found to be without merit.
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, but without oral argument, defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.
Plaintiffs motion for rehearing, for new trial was denied November 6,1981; plaintiffs petition for a writ of certiorari was denied March 8,1982.

 Letter of June 23,1975, from USAF Lieutenant General Lee M. Paschall, Dayton Appellate Review Office, Wright-Patterson AFB, Ohio, re: Grievance of Joseph T. Sere - Docket No. DCA-75-01.